UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATICHA McCLAIN,

       Plaintiff,

v.

       Case No. 10-11141
       Hon. Gerald E. Rosen
       Magistrate Judge Laurie J. Michelson

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER REGARDING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       September 30, 2011    

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

On June 8, 2011, Magistrate Judge Laurie J. Michelson issued a Report and Recommendation ("R & R") recommending that the Court grant in part Plaintiff Naticha McClain's motion for summary judgment, deny the Defendant Commissioner of Social Security's motion for summary judgment, and remand this case for further administrative proceedings. Defendant filed objections to the R & R on June 22, 2011, and Plaintiff filed a response to these objections on July 11, 2011. The Court has now reviewed the parties' motions, the R & R, Defendant's objections, Plaintiff's response, and the other materials in the record. For the reasons discussed briefly below, the Court finds

Defendant's objections well-taken, and concludes that Defendant's summary judgment motion should be granted and Plaintiff's motion denied.

In his objections, the Defendant Commissioner primarily challenges the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") failed to sufficiently explore the possibility that Plaintiff's repeated noncompliance with recommended courses of mental health treatment might be attributable to her underlying mental condition. As observed in the R & R, the ALJ's decision to discount Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her mental health symptoms was based in large part upon the ALJ's finding that Plaintiff had been "blatantly noncompliant with mental health treatment." (Admin. Record at 14.) Yet, under one of the Social Security rulings that provide guidance in the assessment of a claimant's credibility, an ALJ is instructed not to "draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). Likewise, the Sixth Circuit has recognized that "ALJs must be careful not to assume that a patient's failure to receive mental-health treatment evidences a tranquil mental state," because "[f]or some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself." *White v. Commissioner of Social Security,* 572 F.3d 272, 283 (6th Cir. 2009).

In order to avoid drawing an improper inference or making an unfounded assumption based on a claimant's failure to pursue a recommended course of treatment, the above-cited Social Security ruling suggests that an ALJ "may need to recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner." SSR 96-7p, 1996 WL 374196, at *7. Yet, as the Magistrate Judge correctly observes, Plaintiff was not represented by counsel at the administrative hearing, nor did the ALJ question her as to whether she might have had "good reasons" not to pursue the recommended mental health treatments. (*See* R & R at 22-23.) Accordingly, the Magistrate Judge recommends that this case be remanded so that the ALJ can undertake the further inquiry contemplated under the Social Security ruling.

While the question is a close one, the Court agrees with the Defendant Commissioner that the ALJ properly looked to the materials in the administrative record, rather than engaging in impermissible speculation, in concluding that Plaintiff's failure to follow through with recommended mental health treatments provided a basis for discounting her credibility. Most significantly, the ALJ's finding that Plaintiff was "blatantly noncompliant" with the recommended course of mental health treatment was not based upon the ALJ's own preconceived notions or unfounded assumptions about the ability of someone with Plaintiff's mental health impairments to follow through with treatments. Rather, the ALJ relied on the statements of health care professionals found in

the administrative record, including, for example, (i) an intake assessment recording Plaintiff's acknowledgment to an examining psychiatrist that "part of her reasoning of getting help now is to show the court that she is working toward improving her mental health," (Admin. Record at 261),[1] and (ii) a summary report noting that Plaintiff's records were "replete with non-compliance," and repeating the observations of a treating psychiatrist that Plaintiff had "numerous no call no shows for sessions other than medication subscription renewals" and that she "usually comes in when her medication needs re-filing," (*id.* at 311). Moreover, as Defendant notes in his objections, the ALJ's finding of intentional non-compliance was rendered against an evidentiary backdrop indicating (i) that Plaintiff performed a variety of daily activities, (ii) that the assessments of her condition by health care professionals did not reflect a particularly severe degree of mental impairment, and (iii) that she was capable of seeking medical care on several occasions. And, beyond this record support for the ALJ's conclusion, there is a notable absence of evidence that any health care professional deemed Plaintiff unable to follow a recommended course of treatment — to the contrary, they continued to recommend such treatment, thereby evidencing a belief that Plaintiff was capable of heeding and following through on their advice.

---

[1] As observed by the Magistrate Judge, this statement is part of a larger body of evidence suggesting a possible correlation between Plaintiff's efforts to obtain treatment and court proceedings through which she sought to retain custody of her children. (*See* R & R at 20-21.) Although the ALJ found that there was such a correlation, (*see* Admin. Record at 14), the Magistrate Judge has suggested that the record provides somewhat more limited and mixed support for the inference drawn by the ALJ, (*see* R & R at 21 n.7, 25).

Under this record, the ALJ's finding of Plaintiff's intentional non-compliance with recommended courses of mental health treatment was properly supported by substantial evidence, and reflected the ALJ's appropriate consideration of, rather than disregard for, "information in the case record" that could explain Plaintiff's "infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p, 1996 WL 374186, at *7. The ALJ did not impermissibly "play[] doctor," *Pate-Fires v. Astrue,* 564 F.3d 935, 947 (8th Cir. 2009), by disregarding medical evidence of Plaintiff's inability to follow her doctors' recommended treatment plans or to seek necessary medical treatment, but instead drew support for his findings from the statements and assessments of examining health care professionals, as well as other evidence in the record. To be sure, the conclusion drawn by the ALJ was not inevitable, and reasonable minds could disagree in their reading of the record and the inferences to be drawn therefrom. Nonetheless, under the governing standard of review, it is enough that the ALJ's assessment of Plaintiff's credibility was grounded in the evidentiary record, and did not rest upon unwarranted assumptions or impermissible inferences.[2]

---

[2]For what it is worth, it is debatable whether the remand recommended by the Magistrate Judge would result in any additional factual development bearing on Plaintiff's credibility. As the Magistrate Judge observes, and as noted above, the ALJ did not question Plaintiff at the administrative hearing as to the reasons why she did not pursue the recommended mental health treatments. Yet, if the ALJ were to explore this subject at a hearing upon remand, it is not clear how much light Plaintiff would be able to shed on this topic. Moreover, the ALJ would not be bound to accept Plaintiff's word on this subject, but could instead choose to credit the statements in the existing medical record regarding the apparent reasons for Plaintiff's abandonment of recommended courses of treatment — as, indeed, the ALJ has already credited these statements in issuing the decision now on appeal.

Next, the Defendant Commissioner challenges the Magistrate Judge's finding that a remand is warranted due to the ALJ's failure to specifically ask Plaintiff at the administrative hearing whether she had any questions for the vocational expert ("VE"). Defendant suggests that this failure was harmless and should be disregarded, where "Plaintiff brought forth no evidence supporting the conclusion that such cross examination [of the VE] would have changed the evidence before the ALJ." (Defendant's Objections at 4 (citing *Glass v. Shalala,* 43 F.3d 1392, 1397 (10th Cir. 1994)).)

The Court agrees. As the Magistrate Judge observes, Plaintiff was informed of her right to counsel and knowingly waived this right. (*See* R & R at 29.) In light of this waiver, Plaintiff (now represented by counsel) candidly admits before this Court that if she had been invited to cross-examine the VE, "she may not have known what to ask." (Plaintiff's Motion for Summary Judgment, Br. in Support at 20.) Even with the benefit of counsel, Plaintiff fails to suggest in her motion (or in her response to Defendant's objections) precisely what matters she might have explored in cross-examination of the VE that might have meaningfully altered the evidence before the ALJ or affected the disposition of Plaintiff's claim for benefits. Likewise, the Magistrate Judge states only that this failure to invite cross-examination was "not necessarily harmless," (R & R at 30), without indicating what benefit Plaintiff might have derived from this opportunity. Finally, while the ALJ did not explicitly ask Plaintiff whether she wished to question the VE, he did ask her at the conclusion of the administrative hearing whether she "ha[d]

6

anything further [she] want[ed] to bring out at the hearing," (Admin. Record at 42), and she declined this more general invitation. Under these circumstances, the Court finds that any error in the ALJ's failure to invite Plaintiff to cross-examine the VE was harmless, and does not warrant a remand.

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's objections to the Magistrate Judge's June 8, 2011 Report and Recommendation are SUSTAINED. IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED IN PART and REJECTED IN PART, in accordance with the rulings in this opinion and order. Finally, IT IS FURTHER ORDERED that, for the reasons set forth above and in the portion of the Magistrate Judge's Report and Recommendation that has been adopted by the Court, Plaintiff's February 11, 2011 motion for summary judgment (docket #21) is DENIED, and Defendant's April 7, 2011 motion for summary judgment (docket #25) is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: September 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 3, 2011, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager